UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. George Gerard Kahl IV**  Docket No. 7:16-CR-74-1D

Petition for Action on Supervised Release

COMES NOW C. Lee Meeks, Jr., U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of George Gerard Kahl IV, who, upon an earlier plea of guilty to Interstate Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), was sentenced by the Honorable Rosemary M. Collyer, U.S. District Judge for the District of Columbia, on September 18, 2013, to the custody of the Bureau of Prisons for a term of 40 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 120 months.

George Gerard Kahl IV was released from custody on January 19, 2016, at which time the term of supervised release commenced.

Transfer of Jurisdiction to the Eastern District of North Carolina was filed on July 7, 2016.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The probation officer recommends the court modify the conditions of supervised release ordered by the District of Columbia to include the below specified conditions, which have been individualized to meet the specific needs of the defendant based on recommendations from the defendant's treatment specialist at Clinical and Forensic Associates, PLLC.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

3. The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

4. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

5. The defendant shall not possess children's clothing, toys, games, etc., without permission of the U.S. Probation Officer.

6. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

7. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

8. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

9. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

10. The defendant shall not loiter within any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses, etc.) without prior written permission from the U.S. Probation Officer.

11. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography, as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

12. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

13. The defendant shall not purchase, possess, or control any cameras, camcorders, or movie cameras without prior approval of the U.S. Probation Officer.

14. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

15. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

16. The defendant shall not own, use, or have access to the services of any commercial mail receiving agency, post office box, or storage unit without prior approval from the U.S. Probation Officer. The defendant shall provide the U.S. Probation Officer with a list of all P.O. Boxes and/or storage units to which the defendant has access.

17. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Robert L. Thornton
Robert L. Thornton
Supervising U.S. Probation Officer

/s/ C. Lee Meeks, Jr.
C. Lee Meeks, Jr.
U.S. Probation Officer
200 Williamsburg Pkwy, Unit 2
Jacksonville, NC 28546-6762
Phone: 910-346-5105
Executed On: March 7, 2018

## ORDER OF THE COURT

Considered and ordered this ___9___ day of ___March___, 2018, and ordered filed and made a part of the records in the above case.

James C. Dever III
Chief U.S. District Judge